UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MOSETTA BERNSTINE,

Plaintiff,

v.

MERCK & COMPANY, INC., a corporation; MCKESSON CORPORATION, a corporation; AMERISOURCEBERGEN DRUG CORPORATION, a corporation; and DOES 1 through 100, inclusive,

Defendants.

NO. CIV. S-07-0034 WBS KJM
NO. CIV. S-07-0051 WBS KJM
NO. CIV. S-07-0073 WBS KJM

MEMORANDUM AND ORDER RE: MOTION TO REMAND AND MOTION TO STAY

---

BARBARA FORD DANIELS,

Plaintiff,

v.

MERCK & COMPANY, INC., a corporation; MCKESSON CORPORATION, a corporation; AMERISOURCEBERGEN DRUG CORPORATION, a corporation; and DOES 1 through 100, inclusive,

Defendants.

---

ISHMAEL HAQQ,

Plaintiff,

v.

MERCK & COMPANY, INC., a corporation; MCKESSON CORPORATION, a corporation; AMERISOURCEBERGEN DRUG CORPORATION, a corporation; and DOES 1 through 100, inclusive,

Defendants.

----oo0oo----

Plaintiffs brought these related actions in the California Superior Court in and for the County of Los Angeles for damages related to use of the drug Vioxx. The actions were removed to this court based on diversity jurisdiction under 28 U.S.C. § 1441. Plaintiffs now move to remand state court. Defendant Merck moves instead to stay the cases pending transfer to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1407.

I. Factual and Procedural Background

Defendant Merck is a pharmaceutical company incorporated and having its principal place of business in New Jersey. Defendant McKesson Corporation ("McKesson") is a California corporation, and defendant AmerisourceBergen Drug Corporation ("ABC") is a corporation doing business in California,[1] both of which serve as distributors of Merck

---

[1] Plaintiffs' Motion to Remand opines that ABC's principal place of business is in California, but admits that such a conclusion is mere speculation. (Mot. to Remand 4 n.1.)

pharmaceuticals. Prior to September, 2004, Merck manufactured and marketed Vioxx, a nonsteroidal anti-inflammatory drug used to treat arthritis and acute pain. However, on September 30, 2004, Merck voluntarily withdrew Vioxx from the market in light of evidence that patients taking the drug experienced cardiovascular complications. Plaintiffs all allege damages resulting from use of Vioxx.

On February 16, 2005, the Judicial Panel on Multidistrict Litigation ("MDL") consolidated 138 federal cases involving Vioxx and transferred them to the Eastern District of Louisiana. See MDL Panel Docket No. 05-1657 (E.D. La. Feb. 20, 2007) (Conditional Transfer Order ("CTO")-83). At last count, 5,932 additional Vioxx cases had been transferred there. See MDL Panel Docket No. 05-1657 (E.D. La. Apr. 13, 2007) (CTO-91).

Plaintiffs contend that remand is necessary because Merck's removal of these actions based on diversity jurisdiction was improper. Defendant Merck moves to stay these actions in light of an expected decision by the MDL court to transfer them.[2]

II. Discussion

The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Moreover, a stay, and deference to the MDL

---

[2] Conditional Transfer Order 83 marked these three cases as transferrable to the MDL proceedings. MDL Panel Docket No. 05-1657 (E.D. La. Feb. 1, 2007) (CTO-83) (docketed Feb. 20, 2007). Plaintiffs opposed transfer on February 20, 2007. Id. Consequently, actual transfer of this action has been delayed pending resolution of that issue by the MDL court.

transferee court, is particularly appropriate when the parties contest issues that are "likely to arise in other actions pending" in the consolidated proceedings. Conroy v. Fresh Del Monte Produce Inc., 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004).

On January 25, 2006, this court issued a stay in Leeson v. Merck & Co., No. 05-2240. With the exception of ABC being named as a defendant, these cases are identical to Leeson in almost all respects.[3] That case involved a similar plaintiff's motion to remand and a Merck motion for a stay, pending resolution of plaintiff's objections to transfer to the MDL court. Significantly, the parties in Leeson also disputed whether defendant McKesson had been fraudulently joined, an issue which will determine whether plaintiffs' cases against defendant Merck will proceed in the Los Angeles Coordinated Proceeding for Vioxx products liability cases or in the federal MDL in Louisiana.

For the reasons stated in the order in Leeson, the court will also stay these cases. After the transfer is complete, the MDL court will be in the best position to provide a uniform answer to whether McKesson and/or ABC were fraudulently joined for the purpose of defeating diversity jurisdiction.

In so holding, the undersigned continues a recent trend in this court to stay the Vioxx products liability cases against Merck pending transfer to the federal MDL. See Welch v. Merck &

[3] It is unclear whether the addition of ABC as a defendant will destroy diversity. Regardless, assuming this to be true, the removal and fraudulent joinder analysis does not change, as all parties concede that McKesson is a California corporation.

Co., No. S-05-2267, slip op. (E.D. Cal. Feb. 3, 2006); Lame Bull v. Merck & Co., No. S-05-2465, slip op. (E.D. Cal. Jan. 23, 2006); Parker ex rel. Dunn v. Merck & Co., No. S-05-2446, slip op. (E.D. Cal. Jan. 24, 2006); Crook v. Merck & Co., No. S-05-2436, minute order (E.D. Cal. Jan. 19, 2006). The approach emerging in this district is also consistent with decisions in the Northern and Southern Districts of California. See, e.g., Johnson v. Merck & Co., No. 05-02881, slip op. at 2 (N.D. Cal. Oct. 3, 2005); In re Vioxx Prod. Liability Cases, No. 05-0943, slip op. at 5 (S.D. Cal. July 11, 2005). In the interest of judicial economy and to further the consistency that MDL proceedings aim to provide, staying the instant actions is appropriate.

IT IS THEREFORE ORDERED that:

(1) defendant's motions to stay be, and the same hereby are, GRANTED;

(2) plaintiffs' motions to remand be, and the same hereby are, DENIED WITHOUT PREJUDICE.

DATED: April 23, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE